IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


JAMES ROBINSON, Jr.,
# 11340-045,

Petitioner,

v.                               Case No. 16-cv-01361-DRH

T. SLOOP, NICOLE MAZE,
R. PHELPS, UNKNOWN PARTY,
W. WILLS, C. KRAWCZYK,
and, JOHN/JANE DOE ##1-8,

Respondents.


## MEMORANDUM AND ORDER


**HERNDON, District Judge:**

Petitioner James Robinson, Jr., an inmate who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP - Marion"), filed a combined "Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By A Person in Federal Custody and/or Civil Right[s] Complaint Pursuant to Title 28 U.S.C. § 1331." (Doc. 1). Robinson cannot proceed with both a federal habeas petition and a civil rights complaint in the same action. The case was opened as a federal habeas action and will be treated as such herein.

This matter is now before the Court for review of the Petition (Doc. 1) pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District

Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. The Petition does not survive screening under this standard and shall be dismissed.

## I. The Petition

In the Petition, Robinson alleges that he was subject to a general military court martial in 1983, while serving in the United States Air Force in Germany. (Doc. 1 at 6). He was convicted of premeditated murder, rape, and sodomy and sentenced to 90 years of incarceration. *Id*. He remained in military custody until January 4, 2006. (Doc. 1 at 2).

On that date, Robinson transferred into the custody of the Federal Bureau of Prisons ("BOP"). *Id*. He concedes that this transfer was authorized under the Uniform Code of Military Justice ("UCMJ"). *Id*. However, Robinson challenges the decision of BOP officials to place him in the general inmate population at each BOP facility thereafter. (Doc. 1 at 2). Robinson alleges that he was confined in "immediate association with enemy prisoners, terrorists, or foreign nationals" in violation of Article 12 of the UCMJ ("Article 12"). *Id*. He further asserts that this placement amounts to cruel and unusual punishment and a deprivation of a protected liberty interest without due process of law. *Id*.

He now sues officials at 6 BOP facilities who were allegedly responsible for the placement decision at each institution. (Doc. 1 at 1-14). Robinson seeks monetary damages against them. (Doc. 1 at 14). He also seeks an Order enforcing Article 12 by requiring the BOP to create a dedicated unit for military inmates much like the "communications management units" at USP-Marion and USP-Terre Haute. (Doc. 1 at 13-14).

## II. Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner challenges the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991). This includes a request for release because custody violates the Constitution or federal laws. *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). Robinson does not seek release from custody. (Doc. 1 at 14).

If release is unavailable or not requested, a civil rights action may provide the proper avenue to relief. *See Glaus v. Anderson*, 408 F.3d 382, 387-89 (7th Cir. 2005). The Seventh Circuit Court of Appeals has held that changes in a prisoner's security level or changes in the confinement from one prison to another cannot be attacked using § 2241. *See Bunn v. Conley*, 309 F.3d 1002, 1008 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999). Where a prisoner "is seeking a different program or location or environment," a civil rights action provides the remedy. *Graham*, 922 F.2d at 381; *Pischke*, 178 F.3d at 500.

A civil rights action is also used to challenge unconstitutional conditions of confinement. *Moore v. Hollingsworth*, 492 F. App'x 648 (7th Cir. 2012) (citing *Witzke v. Femal*, 376 F.3d 744, 751 (7th Cir. 2004)). It is appropriate when seeking monetary damages based on deprivations of constitutional rights by federal officials. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

Robinson does not challenge the fact or duration of his confinement. He also does not request release from custody. Instead, he challenges the program, location, or environment and seeks the creation of a special housing unit dedicated to military inmates. He also seeks monetary damages against federal officials for constitutional deprivations. *See Preiser*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). *See also Waletzki v. Keohane*, 13 F.3d 1079, 1081-82 (7th Cir. 1994) ("As a remedy, habeas corpus lacks the flexibility of money damages. . . ."). He should have pursued his claims, if at all, in a civil rights action. The Petition shall be dismissed.

Although Robinson filed a combined federal habeas action and civil rights complaint, the Court declines to re-characterize the action as a civil rights case at this time. *Bunn*, 309 F.3d at 1007; *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). This is largely because Robinson would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. He will be responsible

for paying a much higher filing fee.  Instead of the $5.00 filing fee for this habeas action, he must pay a filing fee of $400.00[1] for a civil rights action.  In addition, he may be assessed a "strike" if the Court determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  If he accumulates 3 "strikes," Robinson will be barred from proceeding *in forma pauperis* in a prisoner civil rights action unless he first establishes that he faces imminent danger of serious physical injury.  This is a difficult hurdle to clear.  The Court will allow Robinson to decide how he wishes to proceed, after considering these factors.

In the meantime, the Petition shall be dismissed.  However, the dismissal will be without prejudice to Robinson pursuing relief in a separately-filed civil rights case under 28 U.S.C. § 1331 and *Bivens*.  The Court expresses no opinion regarding the merits of his claims.  Because Robinson complains of continuing violations of his rights, the statute of limitations[2] appears to present no additional obstacle to Robinson drafting and/or filing a separate civil rights action at this time.

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

[2] Robinson should remain mindful of the statute of limitations for his claims.  *Bivens* actions are treated like personal injury claims and are governed by the statute of limitations of the state in which the injury occurred.  Claims arising in Illinois are governed by a 2-year statute of limitations.  *See Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996).

### III. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice to Robinson bringing a separate action pursuant to 28 U.S.C. § 1331 and *Bivens* in this, or another, federal judicial district.

**IT IS FURTHER ORDERED** that Robinson remains obligated to pay the $5.00 filing fee for this habeas action, and the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) will be addressed in a separate court order.

**IT IS ALSO ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** as **MOOT**. Robinson's Petition is subject to dismissal because he seeks relief that is unavailable in a federal habeas action. He may pursue relief in a civil rights action and renew his request for counsel at that time, but only after demonstrating that his own efforts to secure an attorney were unsuccessful. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

Robinson is **ADVISED** that nothing in this Order should be construed as an opinion regarding the ultimate merits of his claim, should he choose to proceed under 28 U.S.C. § 1331. He is **FURTHER ADVISED** that if this claim is brought as a civil rights case, it will be subject to the provisions of the Prison Litigation Reform Act ("PLRA"), Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, Robinson will be responsible for paying a much higher filing fee of $400.00.

The obligation to pay this fee is incurred when the lawsuit is filed, and the PLRA requires a prisoner to pay the fee in full. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Finally, Robinson could be assessed a "strike" if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to provide Robinson with a copy of the Petition (Doc. 1) and blank civil rights complaint form for use in preparing a separate civil rights action for filing. This, of course, does not preclude him from refiling the Petition/Complaint (Doc. 1) he already prepared, after modifying it to reflect that it is a new case brought pursuant to 28 U.S.C. § 1331 and *Bivens* and not another federal habeas petition.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. A timely motion filed pursuant to Federal Rule of Civil

Procedure 59(e) may toll the 30-day[3] appeal deadline.  It is not necessary for Petitioner to obtain a certificate of appealability.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).  The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

    **IT IS SO ORDERED.**

    Signed this 20th day of February, 2017.

Judge Herndon
2017.02.20
14:18:03 -06'00'

**UNITED STATES DISTRICT JUDGE**

---

[3] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).